*Per Curiam.* The form of the judgment is too broad in that the complaint is not merely dismissed upon the merits, but the defendant is adjudged to be the owner of the property in fee simple and the plaintiff is declared to be barred from any interest therein.

Conceivably the plaintiff has other claims of title not presented in this record either by the pleadings or by the proofs. Whether he will be at liberty to enforce them hereafter is a question not to be determined in advance of their assertion.

In each case the judgment should be modified by striking therefrom the adjudication that the defendant is the owner of the property in fee simple and that the plaintiff is barred from any interest therein, and as so modified affirmed, with costs to the respondent.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.

---

CATHERINE BRODERICK by CELESTINE BRODERICK, Her Guardian ad Litem, Respondent, *v.* NEWS SYNDICATE Co., INC., Appellant.

*Libel — evidence — testimony of increased mental distress by reason of acts and statements of members of plaintiff's family after reading article — substantial rights of defendant not prejudiced by error.*

Broderick v. *News Syndicate Co., Inc.*, 211 App. Div. 812, affirmed. (Argued May 11, 1926; decided June 8, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 19, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action for libel. The question on appeal was whether the plaintiff in order to enhance the damages recoverable for injury to her feelings, could show that she suffered increased mental distress because of what the members of her family said and did in her presence after reading the publication complained of.

*Mac Donald De Witt* for appellant.

*John J. O'Leary* and *John F. Heffernan* for respondent.

Judgment affirmed, with costs: Held: Errors, if any, presented by proper objection and exception did not prejudice the substantial rights of defendant.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE and LEHMAN, JJ.   Absent: ANDREWS, J.

---

JOHN H. GILES DYEING MACHINE COMPANY, Appellant,
   *v.* KLAUDER-WELDON DYEING MACHINE COMPANY
   et al., Respondents.

*Corporations — directors — action to compel directors to pay value of corporate property alleged to have been lost through their neglect or violation of duties.*

*Giles Dyeing Machine Co.* v. *Klauder-Weldon D. M. Co.*, 212 App. Div. 771, affirmed.

(Argued May 12, 1926; decided June 8, 1926.)

APPEAL from a judgment, entered May 25, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.  The action was brought under sections 90 and 91 of the General Corporation Law to compel the directors of defendant corporation to pay the value of corporate property alleged to have been lost or wasted through neglect or violation of their duties. The gist of the plaintiff's claim was that the individual directors of defendant corporation, while it was a solvent and going concern and able to pay all its indebtedness, transferred all its property and assets to a Pennsylvania corporation which they caused to be brought into existence and despoiled the corporation of its property and assets in violation of their duties; that they acquired for themselves and transferred to others the assets and property of defendant corporation and the proceeds of said sale and transfer and reserved nothing for the payment of the corporate creditors.  The main defenses were, that